Ralph and Hollie C. I. Hill v. Commissioner.
Ralph & Hollie v. Commissioner
Docket No. 16671.
United States Tax Court
1949 Tax Ct. Memo LEXIS 279; 8 T.C.M. (CCH) 123; T.C.M. (RIA) 49030; January 31, 1949
Smuel S. DuHamel, Esq., for the petitioners. William Schwerdtfeger, Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion This proceeding involves a deficiency in income tax for the calendar year 1944 in the amount of $772.06. Three questions are presented for decision: (1) The propriety of respondent's action in disallowing in full the sum of $372.40 claimed on petitioners' return as "Expenses, Supplies not reimbursed", and regarded as a deduction from Ralph Hill's salary, which he received as an employee of the Pure Oil Co.; (2) a determination of the expenses of the operation of two beauty parlors, these having been operated by Hollie Hill; (3) the propriety of respondent's action in disallowing as a deduction the amount of $300 claimed on the return as "Theft of money in beauty shop." *280 Two other adjustments were made by respondent, which raise no issues for disposition by us. He increased the income of Hollie Hill by $11.21, representing unreported income received from the International Shoe Co. This is not contested by petitioners. He also reduced the medical deduction, as a result of the other adjustments. The amount of the medical deduction to which petitioners are entitled can be resolved under Rule 50 recomputation. Findings of Fact Petitioners, husband and wife, were, during the year involved, residents of Olney, Illinois. Their joint tax return, prepared on a cash receipts, calendar year basis, was filed with the collector for the eighth district of Illinois. During 1944, Ralph Hill was employed by the Pure Oil Co. as a pumper and truck driver at an annual salary of $2,898.78. On eight different occasions in that year, totaling about 12 weeks, it was necessary that he work in the oil fields near Morganfield, Kentucky, about 150 miles from Olney. Upon returning from each of these trips, he submitted some statement to his employer. His expenses, he estimated, averaged about $3.50 per day. He could not recall the exact amount of reimbursement he received *281 from his employer, but he stated that the company allowed him a flat sum "around $1.50 a day." Hill kept a record of his expenditures in a small notebook, to which reference was made in preparing the return. However, this book, together with other papers and records, used in preparing the return, which are said to have contained data as to income and deductions, were destroyed by petitioners. They were destroyed by petitioners after they had been exhibited to a revenue agent, who found that they were of no value in supporting the deductions appearing on petitioners' tax return. Hill paid during the taxable year deductible traveling expenses not reimbursed by the Pure Oil Company, in the total amount of $125. In 1944, Hollie Hill was engaged in the operation of two beauty parlors, one at Olney and one at Clay City, Illinois. The Clay City shop was opened sometime in 1944, and was operated for only a part of the year. The Olney shop was opened in 1943. Equipment of a total cost of $3,080 was installed in the shops. On the return, total receipts from beauty shop operations were reported in the amount of $4,193.04. Deductions, aggregating $5,188.84, were claimed, itemized as follows: *282 Salaries and wages
$2,096.52
Advertising
520.40
Taxes
97.30
Supplies
1,862.62
Rent
150.00
Depreciation
308.00
Telephone
49.00
Lights
105.00
Total
$5,188.84
As with the notebook containing a record of the expenditures of Hill, many of the papers and books containing information as to the income and expenses of the beauty parlor business were destroyed by petitioners after a discussion with a revenue agent regarding their 1944 tax return. The following records were available: A payroll book, reflecting total reecipts of $4,697.19, and expenditures for salaries of $2,185.05; a rent receipt for the Olney shop of $180; two statements from beauty shop suppliers, showing purchases of supplies by Mrs. Hill of $223.09 in 1944, and four letters from other suppliers, in which they advised that they had destroyed their records of 1944 purchases made by Mrs. Hill; a receipt for payments of electric utility bills, from April 1944, to December 1944, of $86.16. In addition to deductions in the sum of $2,674.30, supported by the books and receipts hereinabove recited, petitioners incurred deductible business expenses on account of depreciation on equipment, *283 of expenditures for advertising and telephone, of expenditures for supplies, in addition to those heretofore mentioned, and for utilities for the months of January to April 1944. Depreciation at a rate of 10% on equipment having a basis of $3,080 was claimed, and is properly allowable. Extensive advertising was undertaken by Mrs. Hill, particularly * by advertisement in school annuals, local papers, and by direct mail. No record of amount of expenditures for this purpose was available. Mrs. Hill maintained a business telephone in each of her shops, for which she incurred and paid certain charges, claimed on the return to be in the amount of $49. Supplies, in addition to those for which receipted bills were produced, were purchased by Mrs. Hill from four other suppliers. In the operation of a beauty shop, materials and supplies, such as shampoos, hair oils, lotions, pads for permanent waves, hairnets, and bobby pins, are constantly used and must be replenished. Petitioners have established that the following are properly allowable expenses of operating the two beauty parlors, in addition to the sum of $2,674.30, hereinbefore mentioned: Depreciation
$ 308.00
Advertising
260.00
Telephone
35.00
Supplies
440.00
Utilities
15.00
Total
$1,058.00
*284 Also included among the deductions on petitioners' 1944 return was an item in the sum of $300 designated "theft of money in beauty shop." The basis for the claimed deduction as explained by Mrs. Hill was that in checking the amount of cash in the cash drawer against the daily appointment sheet, on which was recorded, inter alia, the amount charged each patron, shortages in cash were discovered, from time to time, which aggregated during the year $300. She believed that these amounts were taken from her by her operators. On the tax return, an adjustment for such shortages in an amount exceeding $300 was taken, reflected in the total receipts reported on the return as compared with the total receipts recorded in the salary book. No further deduction for such shortages is allowable. Opinion KERN, Judge: Petitioners' intentional destruction of most of their books and records does not relieve them of assuming the burden of proof with reference to the items of income and deduction reported on their 1944 tax return. What value these records would have had in assisting us in disposing of the issues raised is difficult to say. Without them. we are remitted in those instances where we *285 believe petitioners did incur business expenses, the exact amounts thereof being unsubstantiated, to an application of the rule of , resolving whatever doubts we may entertain against petitioners. The first issue presented - the claimed deduction of petitioner Ralph Hill for expenses in connection with his employment by Pure Oil Company - is a situation where we believe the Cohan principle applicable. Upon the entire record we have concluded, and have so found, that the deductible expenses involved in this issue amounted to $125. As to the question of the amount of deductible business expenses paid by petitioners in the operation of the two beauty shops, our problem, as well as the evidence offered by petitioners, is, to some extent, the same, but its disposition is made somewhat easier by the record. On the basis of the record, we can not subscribe to respondent's action in arbitrarily reducing the claimed sum by one-half. It has been convincingly demonstrated by the production of receipts and other records that petitioners expended approximately $2,675 for salaries, rent, and the like in the operation of the shops *286 in 1944. Moreover, it has been established that petitioners had depreciable assets with a basis of $3,080, on which they claimed depreciation of $308. Respondent does not contest this rate, which finds support in his Bulletin "F", p. 15; 4 Mertens, Law of Federal Taxation, Section 23.43. In addition to these expenditures and the depreciation deduction, the record supports the conclusion that business expenses for advertising and telephone were incurred and paid during the year. Furthermore, we believe that additional amounts for supplies and utilities were expended. Since the exact amounts of these expenses can not be established by petitioners, we have determined, after a consideration of all of the evidence, what in our best judgment are the amounts properly allowable therefor. ; . The claimed loss by theft was properly disallowed by respondent. Petitioners have received the benefit of any losses due to shortages in cash, by reporting on the return only their actual cash receipts, as distinguished from the total gross receipts of the business, as recorded in petitioners' own records. To permit *287 petitioners to claim this amount again, after it has been used by them as an adjustment to determine the amount of gross income reported on the return, would be tantamount to giving them a double deduction. Cf. . Moreover, by merely urging that there may have been more income to report but for these shortages, petitioners have not established any grounds for allowing the claimed loss. Cf. . Decision will be entered under Rule 50.